United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAULYN TEJEDA CARRION,<br>Petitioner,<br>v.<br>NATHAN ALLEN, *et al.*,<br>Respondents. | Case No. 1:26-cv-05050 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Raulym Tejeda is detained at the Mesa Verde Correctional Facility pending the resolution of his removal proceedings. He argues in the instant Petition for Writ of Habeas Corpus that his present detention by U.S. Immigration and Customs Enforcement ("ICE") violates his due process rights and the Immigration and Nationality Act ("INA"). *See* Dkt. No. 1 ¶¶ 43–49. For the reasons that follow, the Court finds that Petitioner is entitled to relief.

## I. BACKGROUND

Petitioner is a citizen of the Dominican Republic and entered the United States without inspection on or about August 30, 2019. *Id.* ¶ 16; Dkt. No. 7-1 at 4. Following his entry, Petitioner married a United States Citizen and submitted an asylum application with USCIS on March 14, 2025. Dkt. No. 7-1 at 4. His wife also submitted an I-130 Petition for Alien Relative Status with USCIS on Petitioner's behalf, which remains pending. Dkt. No. 1 ¶ 16.

Upon learning that Petitioner had allegedly been incarcerated for rape in 1999 and arrested for homicide in 2010—both in the Dominican Republic—ICE organized a sting operation to arrest Petitioner. Dkt. No. 7-1 at 3. After obtaining his cellphone number, ICE officers "orchestrated a ruse to have [Petitioner] meet for a job estimate." *Id.* On February 11, 2026, ICE arrested

Petitioner when he arrived for the meeting. *Id*. Petitioner was served with a Notice to Appear ("NTA"), charging him as inadmissible under INA § 212(a)(6)(A)(i) and placing him in removal proceedings that same day. Dkt. No. 1-2 at 1. The NTA set his immigration court hearing date for March 24, 2026. *Id*.

However, rather than waiting for the conclusion of Petitioner's removal proceedings, Petitioner was transported to the Dominican Republic and transferred to Dominican law enforcement. Dkt. No. 1 ¶ 18. The Dominican authorities, however, did not take him into custody, and instead informed him that he was free to leave, the reason being that he had no criminal record in the Dominican Republic—a contention which Respondents did not dispute in response to the Petition here. *Id*. ¶¶ 18–20; Dkt. No. 1-6 at 1–6.

As he had been mistakenly transported to the Dominican Republic before his removal proceedings had concluded, the Department of Homeland Security ("DHS") granted Petitioner parole "pursuant to Section 212(d)(5) of the Immigration and Nationality Act" valid through May 11, 2026 and allowed him to re-enter the United States. Dkt. No. 1-3 at 1. Petitioner flew back to the United States on May 6, 2026 and presented his parole document to Customs and Border Patrol at the Miami Airport. Dkt. No. 1 ¶ 23. He was immediately detained. *Id*.

Petitioner has now been detained for over four months without a bond hearing, despite requesting one on June 5, 2026, because Respondents maintain that his detention is mandatory under 8 U.S.C. §1225(b)(2)(A). *See* Dkt. No. 7 at 1–2.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that he is entitled to release from detention for two reasons. First, he argues that his detention when he was first arrested by ICE in February 2026 was controlled by 8 U.S.C. § 1226(a), and the Government's failure to provide him with the process established in that statute violates his right to due process, entitling him to release. Dkt. No. 1 ¶¶ 46–49. Second, he argues that his continued mandatory detention under § 1225(b)(2)(A) violates the INA, as his detention is properly controlled by § 1226(a). *Id.* ¶¶ 34–42. Respondents oppose relief, but do not meaningfully address the facts raised by the Petition. Indeed, they do not address the legal significance of Petitioner's mistaken removal from the United States, nor do they address the fact that he was arrested by ICE based on false information about his criminal history. Accordingly, for the reasons that follow, the Court finds that Petitioner's detention is properly controlled by § 1226(a), and the Government's failure to provide Petitioner with the process established in that statute entitles him to release.

At the time of his arrest by ICE in February 2026, Petitioner was designated as an "alien present in the United States who has not been admitted or paroled." *See* Dkt. No. 1-2 at 1. Courts throughout the country have found that the detention of individuals in this category, and who have been placed in removal proceedings, is controlled by § 1226(a). *See, e.g.*, *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973, 994 (N.D. Cal. 2025) ("For noncitizens who are 'already in the country,' § 1226 authorizes detention 'pending the outcome of removal proceedings' in certain circumstances.") (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025) (similar). Indeed, the Ninth Circuit has affirmed this application, holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the

detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Petitioner squarely fell in this category at the time of his arrest in February 2026 and, thus, is entitled to the procedures flowing from § 1226(a).

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination by an immigration officer, and a bond hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)). Respondents have not argued, nor provided the Court with any evidence, suggesting that the Government provided Petitioner with any of this process.

Where the Government refuses to provide a noncitizen with the statutory process he is entitled to, courts have found that his continued detention is unlawful, and the appropriate remedy is immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or custody determination made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public). That reasoning is applicable here. "Respondents have provided no such custody hearing in the nearly [three] months" since

Petitioner requested one in June 2026. *Yan Michel G.P. v. Warden*, No. 1:26-CV-6211-TLN-CSK, 2026 WL 2859184, at *1 (E.D. Cal. Sept. 23, 2026). "[T]he appropriate remedy in this case is not to bring the government into conformity with its governing statutes, it is to release Petitioner from unlawful custody." *Id.*

## IV. CONCLUSION AND ORDER

Accordingly, the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

**IT IS SO ORDERED.**

Dated: September 25, 2026

EDWARD J. DAVILA
United States District Judge